Green, J.
delivered the opinion of the court.
The declaration alleges that Robert C. Thomson and Jason Thompson, on the 3d day of June, 1828, “by their certain writing obligatory, of the date aforesaid, sealed with their seals and to the court shown, whereby said defendants, by the name and description of R. C. Thompson and Jason Thompson, bound and obliged themselves, their heirs, executors and administrators, jointly and severally, firmly, to pay said plaintiff for the use aforesaid, the sum of three thousand dollars; yet, &c.”
To this declaration, the defendants plead in short, * ‘payment and set off.”
The jury find that “the defendant has not paid the *329 debt of three thousand dollars, in the declaration mentioned, but the same may be discharged by the payment of seven hundred and seventy-nine dollars and seventy-.five cents, and that the defendant is not entitled to any set off.” Upon this finding, the court pronounced judgment for the sum of seven hundred and seventy-nine dollars and seventy-five cents, as found by the jury.
The counsel for the plaintiff in error insist, that the obligation set out in the declaration ought to be considered as a guardian’s bond, and as such, the condition should have been set out in the declaration, and breaches averred.
There is nothing in the pleadings to show that the obligation declared on has any condition, and we must treat it as a private obligation entered into by the defendants to pay the plaintiff three thousand dollars.
It is objected that the declaration does not sufficiently set out and allege the contract. We think it does. It alleges, that on the 23d June, 1828, by their writing obligatory, sealed with their seals, the defendants bound themselves to pay the plaintiff three thousand dollars. This is as distinct an allegation of the execution of the bond as could have been made.
The next objection is to the finding of the jury and to the judgment. The verdict is very informal. They find that the defendants have not paid the debt fin the declaration mentioned, and that they have no off set. From aught that appears, a judgment for the debt of three thousand dollars, the debt in the declaration mentioned, might have been pronounced. But the jury also find, that the three thousand dollars may be discharged by the payment of seven hundred and seventy-nine dollars and seventy-five cents. For this latter sum the judgment was given. Of this the defendant has no right to complain. In an action of debt against him, on a bond for three thousand dollars, to which he pleads payment and set off, both of which pleas are found against him, a judgment for only seven hundred and seventy-nine dollars and seven *330 ty-five cents is rendered. As the plaintiff, whose interests seem to be injuriously affected by it, is satisfied with this judgment, we are not authorized to reverse it for the informality of the finding of the jury.
It is insisted, that the suit was not properly abated as to R. C. Thompson, to authorize the plaintiff to proceed with the cause against Jason Thompson according to the provisions of the act of 1825, ch. 65, sec. 1. The entries of the suggestion of the death of R. C. Thompson, and that he had no administrators or executors, are very informal, and stand in the wrong place in the record. The clerk, instead of entering on the minutes the suggestion that there were no administrators or executors of R. C. Thompson, and that the court was satisfied of that fact before the trial, has introduced these facts at the conclusion of the entry in which judgment is rendered. We think, however, that the directions of the act of 1825 were substantially pursued, and that none of the objections reach the merits of the case.
Judgment affirmed.